Marsha E. Diedrich (State Bar No. 93709)
E-mail: marsha.diedrich@alston.com
H. James Abe (State Bar No. 265534)
E-mail: james.abe@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
Facsimile: 213-576-1100

*Attorneys for Plaintiff*
*TBL Licensing LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TBL LICENSING LLC, a Delaware Limited Liability Company,<br><br>       Plaintiff,<br><br>   v.<br><br>KOTONI TRADING, INC., a California Company,<br><br>       Defendant. | Case No.: 2:18-CV-03950<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

TBL Licensing LLC ("Timberland" or "Plaintiff"), by and through its attorneys, Alston & Bird LLP, files this Complaint for Patent Infringement against Defendant Kotoni Trading, Inc. ("Kotoni" or "Defendant"), and, in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the patent laws of the United States, Title 35 of the United States Code.

2.      This Court has personal jurisdiction over Defendant Kotoni because the Defendant is incorporated in the State of California. Moreover, Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 in this judicial district.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b) at least because Defendant (1) is a resident in this judicial district, (2) has committed acts of infringement in this judicial district, and (2) has a regular and established place of business in this judicial district.

## NATURE OF THE SUIT

4.      This is an action arising under the patent laws of the United States, Title 35 of the United States Code, to seek injunctive relief and obtain monetary remedies resulting from Defendant's unauthorized manufacture, use, importation, offer for sale, and/or selling products that infringe the claims of Timberland's U.S. Design Patent Nos. D744,733 ("the 'D733 Patent") and D785,305 ("the 'D305 Patent") (collectively, "Patents-in-suit").

5.      This action involves Defendant's unauthorized manufacture, use, importation, offer for sale, and/or selling the infringing footwear products, including, without limitation, the "NOLTE", "COOPER", "CRUISE," "DANNI", "GERE", "DESOTO" and "DEGAMO" style shoes ("the Accused Products").

1

**PARTIES**

2       6.      Plaintiff Timberland is a limited liability company organized and existing

3   under the laws of Delaware, with its principal place of business at 200 Domain Drive,

4   Stratham, NH 03885.

5       7.      Upon information and belief, Defendant Kotoni is a company organized

6   and existing under the laws of California, with its principal place of business at 1760

7   Evergreen St., Duarte, California 91010.

8

**GENERAL ALLEGATIONS**

9       8.      Timberland operates as an indirectly wholly-owned subsidiary of VF

10  Corporation, a Pennsylvania corporation with its principal place of business in

11  Greensboro.

12      9.      Timberland is the owner of certain intellectual property rights associated

13  with the TIMBERLAND® brand footwear and apparel products.

14      10.     U.S. Patent No. D744,733 ("the 'D733 Patent"), entitled "Footwear

15  Tread," was duly and legally issued by the United States Patent & Trademark Office

16  ("USPTO") on December 8, 2015. A true and correct copy of the 'D733 Patent is

17  attached hereto as Exhibit A. The 'D733 Patent is based on U.S. Patent Application No.

18  29/462,480 ("the '480 Application"), filed on August 5, 2013, naming Christopher

19  Adam, Peter Dillon, and Michael P. Kirk as inventors.

20      11.     U.S. Patent No. D785,305 ("the 'D305 Patent"), entitled "Footwear

21  Tread," was duly and legally issued by the USPTO on May 2, 2017. A true and correct

22  copy of the 'D305 Patent is attached hereto as Exhibit B. The 'D305 Patent is based on

23  U.S. Patent Application No. 29/530,629 ("the '629 Application"), filed on June 18,

24  2015, which is a division of the '480 Application, naming Christopher Adam, Peter

25  Dillon, and Michael P. Kirk as inventors.

26      12.     Both the 'D733 Patent and the 'D305 Patent discloses the ornamental

27  design for footwear thread.

28

13. The marking requirements of 35 U.S.C. § 287 have been satisfied with respect to the 'D733 Patent and the 'D305.

14. Each claim of the Patents-in-suit is valid and enforceable.

15. Timberland is the current assignee to the 'D733 Patent and 'D305 Patent, with the right to sue and recover for past infringement of the Patents-in-suit and any and all causes of action and remedies, either legal and/or equitable, related thereto.

16. Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States footwear products that infringe Timberland's patent rights, including the Patents-in-suit.

17. On August 11, 2017, Counsel for Plaintiff Timberland provided written notice to Defendant of its infringement of the Patents-in-suit. The notice was sent to Defendant via UPS overnight shipping.

## COUNT I

### Infringement of the 'D733 Patent

18. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1–**Error! Reference source not found.**, above.

19. Upon information and belief, Defendant has infringed, directly or indirectly, the 'D733 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, manufacturing, and/or importing into the United States footwear products having a design that would appear to an ordinary observer to be substantially similar to the claim of the 'D733 Patent, including but not limited to at least the Accused Products identified in Paragraph 5 above.

20. For the purpose of example only and without limitation, as shown below, Defendant's NOLTE footwear product infringes the claim of the 'D733 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 'D733 Patent | Defendant's NOLTE Footwear |
| --- | --- |
|  | |

FIG. 1

21.    Defendant actively induced others to infringe, literally and/or under the doctrine of equivalents, the 'D733 Patent in violation of 35 U.S.C. § 271(b) by importing and selling the Accused Products to various U.S. retailers, and by instructing the retailers through its marketing, advertising and customer assistance relating to the Accused Products, in a manner that infringes the 'D733 Patent.

22.    Defendant's infringement is willful, deliberate, intentional, and with knowledge of the existence of the 'D733 Patent.   Upon information and belief,

4

Defendant had knowledge of Timberland's rights in the design claimed in the 'D733 Patent. Timberland and its footwear designs are well-known throughout the footwear industry, and the footwear tread design of the Accused Products is an identical copy of Timberland's patented design.  Furthermore, Defendant has had knowledge of the 'D733 Patent since at least as early as August 2017, when Defendant received notice of its infringement of the Patents-in-suit.  Defendant infringed the 'D733 Patent with reckless disregard of Timberland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the 'D733 Patent.  Defendant's acts of infringement of the 'D733 Patent were not consistent with the standards of commerce for its industry.

23.    Timberland has been damaged by Defendant's infringement of the 'D733 Patent in an amount to be determined at trial.

24.    Timberland has been and continues to be irreparably injured by Defendant's infringement of the 'D733 Patent, and Defendant's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

25.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount to be determined at trial or hearing.

26.    Pursuant to 35 U.S.C. § 284, Timberland is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

27.    Pursuant to 35 U.S.C. § 285, Timberland is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

28.    Pursuant to 35 U.S.C. § 289, Timberland is entitled to Defendant's total profits from Defendant's infringement of the 'D733 Patent.

## COUNT II

## Infringement of the 'D305 Patent

29.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1–28, above.

30.    Upon information and belief, Defendant has infringed, directly or indirectly, the 'D305 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, manufacturing, and/or importing into the United States footwear products having a design that would appear to an ordinary observer to be substantially similar to the claim of the 'D305 Patent, including but not limited to at least the Accused Products identified in Paragraph 5 above.

31.    For the purpose of example only and without limitation, as shown below, Defendant's NOLTE footwear product infringes the claim of the 'D305 Patent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| 'D305 Patent | Defendant's NOLTE Footwear |
|---|---|

Fig. 1

32.     Defendant actively induced others to infringe, literally and/or under the doctrine of equivalents, the 'D305 Patent in violation of 35 U.S.C. § 271(b) by importing and selling the Accused Products to various U.S. retailers, and by instructing the retailers through its marketing, advertising and customer assistance relating to the Accused Products, in a manner that infringes the 'D305 Patent.

33.     Defendant's infringement is willful, deliberate, intentional, and with knowledge of the existence of the 'D305 Patent.   Upon information and belief,

1   Defendant had knowledge of Timberland's rights in the design claimed in the 'D305
2   Patent. Timberland and its footwear designs are well-known throughout the footwear
3   industry, and the footwear tread design of the Accused Products is an identical copy of
4   Timberland's patented design.   Furthermore, Defendant has had knowledge of the
5   'D305 Patent since at least as early as August 2017, when Defendant received notice of
6   its infringement of the Patents-in-suit.   Defendant infringed the 'D305 Patent with
7   reckless disregard of Timberland's patent rights.  Defendant knew, or it was so obvious
8   that Defendant should have known, that its actions constitute infringement of the 'D305
9   Patent.  Defendant's acts of infringement of the 'D305 Patent were not consistent with
10  the standards of commerce for its industry.

11      34.     Timberland has been damaged by Defendant's infringement of the 'D305
12  Patent in an amount to be determined at trial.

13      35.     Timberland has been and continues to be irreparably injured by
14  Defendant's infringement of the 'D305 Patent, and Defendant's infringing activities
15  will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

16      36.     As a direct and proximate result of Defendant's acts of infringement,
17  Defendant has derived and received gains, profits, and advantages in an amount to be
18  determined at trial or hearing.

19      37.     Pursuant to 35 U.S.C. § 284, Timberland is entitled to damages for
20  Defendant's infringing acts and treble damages together with interests and costs as fixed
21  by this Court.

22      38.     Pursuant to 35 U.S.C. § 285, Timberland is entitled to reasonable
23  attorneys' fees for the necessity of bringing this claim.

24      39.     Pursuant to 35 U.S.C. § 289, Timberland is entitled to Defendant's total
25  profits from Defendant's infringement of the 'D305 Patent.

26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, Timberland respectfully requests judgment against Defendant as follows:

   a)   For a judgment in favor of Timberland that Defendant has infringed the Patents-in-suit, whether literally or under the doctrine of equivalents, as described herein;

   b)   For an award of such damages in an amount sufficient to compensate Timberland for losses it has sustained as a consequence of Defendant's unlawful acts, as well as Timberland's lost profits attributable to Defendant's unlawful acts; and

   c)   For an accounting for all gains and profits derived by Defendant from its unlawful acts;

   d)   For an order under 35 U.S.C. § 283 permanently enjoining Defendant from continuing to make, use, sell, or offer to sell the Accused Products in the United States and from importing the Accused Products into the United States, as well as any products that are not colorably different therefrom;

   e)   For an order under 35 U.S.C. § 283 permanently enjoining Defendant from directly or indirectly infringing either of the Patents-in-suit in violation of 35 U.S.C. § 271;

   f)   For an order declaring that Defendant's infringement was willful and an award of treble damages to Timberland under 35 U.S.C. § 284; and

   g)   For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

   h)   For an award to Timberland of its reasonable attorney fees and full costs;

   i)   For such further relief as the Court may deem just and appropriate.

COMPLAINT FOR PATENT INFRINGEMENT

Respectfully submitted,

DATED:  May 11, 2018          **ALSTON & BIRD LLP**

  /s/ H. James Abe

Marsha E. Diedrich (Cal. Bar No. 93709)
  marsha.diedrich@alston.com
H. James Abe (Cal. Bar No. 265534)
  james.abe@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:   (213) 576-1000
Facsimile:    (213) 576-1100

*Attorneys for Plaintiff TBL Licensing LLC*

COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Plaintiff TBL Licensing LLC requests a jury trial of all issues triable by a jury.

Respectfully submitted,

DATED:  May 11, 2018          **ALSTON & BIRD LLP**

/s/ H. James Abe

Marsha E. Diedrich (Cal. Bar No. 93709)
  marsha.diedrich@alston.com
H. James Abe (Cal. Bar No. 265534)
  james.abe@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:    (213) 576-1100

*Attorneys for Plaintiff TBL Licensing LLC*